CARELLA, BYRNE, CECCHI, OLSTEIN,
  BRODY & AGNELLO, P.C.
JAMES E. CECCHI
5 Becker Farm Road
Roseland, NJ  07068
Telephone:  973/994-1700
973/994-1744 (fax)
jcecchi@carellabyrne.com

SEEGER WEISS LLP
CHRISTOPHER A. SEEGER
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
Telephone:  212/584-0700
212/584-0799 (fax)
cseeger@seegerweiss.com

Liaison Counsel

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| AHMAD ODEH, Individually and on Behalf of All Others Similarly Situated, ) ) ) | No. 2:18-cv-17645-MCA-LDW |
| Plaintiff, ) ) ) | <u>CLASS ACTION</u> |
| vs. ) ) ) | |
| IMMUNOMEDICS, INC., et al., ) ) ) | |
| Defendants. ) ) | |

[Caption continued on following page.]

**REPLY TO COMPETING MOTIONS FOR APPOINTMENT
AS LEAD PLAINTIFF**

1545989_1

| | |
|---|---|
| CHONGHO CHOI, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br> vs.<br><br>IMMUNOMEDICS, INC., et al.,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:19-cv-05151-MCA-LDW<br><br><u>CLASS ACTION</u> |

The field of movants seeking appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") in this case is down to two – the Construction Industry and Laborers Joint Pension Trust ("the Pension Trust") and Boris Saljanin.[1] Only one movant is substantively unopposed: the Pension Trust.

Mr. Saljanin made "no argument against [the Pension Trust] other than pointing out its relatively low[er] financial stake in the litigation." *Tsirekidze v. Syntax-Brillian Corp.*, 2008 WL 942273, at *5 (D. Ariz. Apr. 7, 2008) (appointing institutional investor that lacked the largest financial interest as lead plaintiff because it was the first movant "that satisfie[d] both prongs of Rule 23"); *see also* ECF No. 20 at 3 (making no substantive arguments against the Pension Trust other than stating its financial interest is smaller than Mr. Saljanin's financial interest). For this reason alone, the Pension Trust's motion should be granted.

Moreover, pursuant to the PSLRA, the Pension Trust's status as the presumptive lead plaintiff "may be rebutted **only upon proof** . . . that the

---

[1] On March 11, 2019, William Blanchette withdrew his motion. *See* ECF No. 13. Similarly, on March 18, 2019, David Jenkins withdrew his motion. ECF No. 19. On March 15, 2019, Amjad Fraitekh filed a response noting he "does not have the 'largest financial interest' in the relief sought by the class." ECF No. 18 at 2. Movants Franck Alexandre Fiebig and Chongho Choi did not file a response brief and have presumably abandoned their motions. *See In re KIT Digital, Inc. Sec. Litig.*, 293 F.R.D. 441, 443 (S.D.N.Y. 2013) ("Two additional movants . . . did not file opposition briefs, and thus the Court deems their applications abandoned or withdrawn.").

presumptively most adequate plaintiff . . . will not fairly and adequately protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II) (emphasis added). Importantly, the Third Circuit has made clear that unsupported allegations, speculation, and innuendo are not proof of wrongdoing. *In re Cendant Corp. Litig.*, 264 F.3d 201, 270 (3d Cir. 2001) ("Allegations of impropriety are not proof of wrongdoing. If they were, then any class member (or lawyer seeking to be appointed lead counsel) could disable any presumptive lead plaintiff by making unsupported allegations of impropriety."). Rather, "'exacting proof' is needed to rebut the presumption." *Murphy v. JBS S.A.*, 2017 WL 4480751, at *5 (E.D.N.Y. Oct. 6, 2017) (citation omitted). There has been no attempt to rebut the presumption in the Pension Trust's favor and any argument made by Mr. Saljanin for the first time in a reply brief would be deemed waived. *See, e.g.*, *Krys v. Aaron*, 112 F. Supp. 3d 181, 197 n.18 (D.N.J. 2015) ("The Court will, accordingly deem arguments made for the first time in reply waived.").

Indeed, the Pension Trust is the prototypical lead plaintiff candidate. ECF No. 21 at 6. In 1995, Congress enacted the PSLRA for the express purpose of encouraging institutional investors to serve as lead plaintiff in securities class actions. *See, e.g.*, H.R. Conf. Rep. No. 104-67, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 ("[t]he Conference Committee seeks to increase the likelihood that institutional investors will serve as lead plaintiffs"); *Cendant*, 264 F. 3d at 244 ("the

PSLRA's legislative history expressly states that Congress anticipated and intended that such investors would serve as lead plaintiffs"). There is no dispute that as an institutional investor, the Pension Trust has amply demonstrated its typicality and adequacy.

By providing the Court with his name and nothing more in his motion, Mr. Saljanin failed to make the necessary *prima facie* showing of typicality and adequacy. *Clair v. DeLuca*, 232 F.R.D. 219, 226-27 (W.D. Pa. 2005) ("[s]imply making a motion for lead plaintiff status, taken alone, establishes nothing about the movant's adequacy to take on this burdensome task"). Recognizing that he failed to timely demonstrate his *bona fides*, Mr. Saljanin now submits a declaration along with his opposition. ECF No. 20-1. However, any submission made by Mr. Saljanin to demonstrate that he satisfies both prongs of Rule 23 after the 60-day PSLRA deadline for lead plaintiff motions (which expired on February 25, 2019) is untimely and should be disregarded. *See Anspach ex rel. Anspach v. City of Phila.*, 503 F.3d 256, 258 n.1 (3d Cir. 2007) (absent compelling circumstances, "failure to raise an argument in one's opening brief waives it"); *Camp v. Qualcomm Inc.*, 2019 WL 277360, at *3 (S.D. Cal. Jan. 22, 2019) (denying individual's lead plaintiff motion because he "failed to include any basic details about himself, including where he lives or who he is ***specifically in his motion***" even though a declaration was subsequently submitted) (emphasis added); *Ross v. Abercrombie & Fitch Co.*, 2007 WL 895073, at *4 n.3

(S.D. Ohio Mar. 22, 2007) (declining to consider declarations that were not submitted with lead plaintiff motion); *Schriver v. Impac Mortg. Holdings, Inc.*, 2006 WL 6886020, at *8 (C.D. Cal. May 2, 2006) (refusing to allow movant to submit declarations where there was no reason the submissions could not have been made with its initial motion); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 410 (S.D.N.Y. 2004) (disregarding lead plaintiff movant's assertion of additional alleged losses first made in its opposition "since, as one court has explained, the supplementation of a movant's losses 'is not contemplated by the PSLRA . . . [and] supplementation after the expiration of the sixty (60) day period would not only be inconsistent with the language and purposes of the PSLRA, but would effectively nullify the time limits expressly provided therein.'" (quoting *In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803, 819 (N.D. Ohio 1999)).

The Pension Trust is entitled to presumptive lead plaintiff status because it is the only movant that satisfies both the financial interest and Rule 23 prongs of the PSLRA. Accordingly, the Pension Trust's motion (ECF No. 6) should be granted.

DATED: March 25, 2019

Respectfully submitted,

CARELLA, BYRNE, CECCHI, OLSTEIN,
  BRODY & AGNELLO, P.C.
JAMES E. CECCHI

/s/ James E. Cecchi
JAMES E. CECCHI

5 Becker Farm Road
Roseland, NJ 07068
Telephone: 973/994-1700
973/994-1744 (fax)
jcecchi@carellabyrne.com

SEEGER WEISS LLP
CHRISTOPHER A. SEEGER
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
Telephone: 212/584-0700
212/584-0799 (fax)
cseeger@seegerweiss.com

Liaison Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
JUAN CARLOS SANCHEZ
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

1545989_1

- 6 -

                                      Counsel for Construction Industry and Laborers Joint Pension Trust and [Proposed] Lead Counsel for the Class