## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| AHMAD ODEH, individually and on behalf of all others similarly situated, | |
| *Plaintiff*, | Civil Action No. 18-17645 |
| v. | |
| IMMUNOMEDICS, INC., MICHAEL PEHL, and USAMA MALIK, | |
| *Defendants.* | |
| | |
| CHONGO CHOI, individually and on behalf of all others similarly situated, | |
| *Plaintiff*, | Civil Action No. 19-5151 |
| v. | |
| IMMUNOMEDICS, INC., MICHAEL PEHL, MICHAEL R. GARONE, and USAMA MALIK, | ORDER |
| *Defendants.* | |

**THIS MATTER** having come before the Court on motions for consolidation, appointment of lead plaintiff, and approval of counsel, ECF Nos. 5, 6, 7, 8, 9, 10, and 11 in Docket No. 18-17645, and ECF Nos. 4 and 5 in Docket No. 19-5151, pursuant to Fed. R. Civ. P. 42(a), 15 U.S.C. § 78u-4(a)(3)(B)(ii), and 15 U.S.C. § 78u-(4)(a)(3)(B)(v);[1]

---

[1] Several motions were subsequently withdrawn after all motions were filed. See Docket No. 18-17645, ECF No. 13 (withdrawing ECF No. 5); id. at ECF No. 19 (withdrawing ECF No. 8); Docket No. 19-5151, ECF No. 7 (withdrawing ECF No. 4). In addition, two other movants did not formally "withdraw" their motions but acknowledged that they were not the movant with the largest financial interest. As such, they did not oppose competing motions filed by those with greater financial interests. See Docket No. 18-17645, ECF No. 18 (relating to ECF No. 7); id. at ECF No. 24 (relating to ECF No. 9).

1

and it appearing that the above-captioned matters were both filed on behalf of purchasers of Immunomedics, Inc. ("Immunomedics") securities for violations of the Securities Exchange Act of 1934 (the "Exchange Act");

and it appearing that "[p]ursuant to Federal Rule of Civil Procedure 42(a), cases may be consolidated if they involve a common question of law or fact," City of Warren Gen. Employees' Ret. Sys. v. Celgene Corp., Inc., No. 18-4772, 2018 WL 4629570, at *1 (D.N.J. Sept. 26, 2018) (internal quotation marks omitted);

and it appearing that each of the above-captioned actions assert substantially similar factual and legal grounds to support allegations of violations of the Exchange Act by nearly the same set of defendants, during similar time periods, see Docket No. 18-17645, ECF No. 1; Docket No. 19-5151, ECF No. 1;

and it appearing that consolidation will also "promote efficiency and avoid unnecessary costs or delay," City of Warren, 2018 WL 4629570, at *1, and that therefore, the motions to consolidate are granted, see Garcia v. Intelligroup, Inc., No. 04-4980, 2015 WL 5074922, at *2 (D.N.J. Aug. 10, 2015) (consolidating securities class actions because the cases arose from the same set of facts, and "[e]ach of the Related Actions [was] filed pursuant to various provisions of the federal securities law, and name[d] the same or similar defendants");

and it appearing that pursuant to the Private Securities Litigation Reform Act ("PSLRA"), a court must "appoint as lead plaintiff the member or members of the purported class that the Court determines to be most capable of adequately representing the interests of the class members," 15 U.S.C. § 78u-4(a)(3)(B);

and it appearing that courts "adopt a presumption that the most adequate plaintiff" is the "person or group of persons" that: (1) "has either filed the complaint or made a motion in response

2

to a notice"; (2) "has the largest financial interest in the relief sought by the class"; and (3) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure," 15 U.S.C. § 78u-4(a)(3)(B)(iii);[2]

and it appearing that in assessing financial interest, courts look at: "(1) the number of shares that the movant purchased during the putative class period; (2) the total net funds expended by the plaintiffs during the class period; and (3) the approximate losses suffered by the plaintiffs," Smith v. Antares Pharma, Inc., No. 17-8945, 2018 WL 3611067, at *2 (D.N.J. July 27, 2018); see also In re Vonage Initial Pub. Offering Secs. Litig., No. 07-177, 2007 WL 2683636, at *4 (D.N.J. Sept. 7, 2007) ("[C]ourts in this circuit have accorded the third element, the largest financial loss, the greatest weight.");

and it appearing that movant Boris Saljanin ("Saljanin") purchased 40,000 shares of Immunomedics common stock during the class period, expended $720,000, and lost approximately $170,000, Docket No. 18-17645, ECF No. 11.2 at 9, and that therefore, Saljanin has the largest financial interest in the relief sought by the class;

and it appearing that Saljanin "must be appointed unless it is proven that [Saljanin] will not satisfy the typicality and adequacy requirements of Rule 23," Sapir v. Averback, No. 14-07331, 2015 WL 858283, at *2 (D.N.J. Feb. 26, 2015); see also In re Cendant Corp. Litig., 264 F.3d at 266 ("[T]he court's initial inquiry as to whether the movant with the largest losses satisfies the typicality and adequacy requirements need not be extensive.");

---

[2] The Third Circuit has explained that the Court's analysis starts with the presumptive plaintiff: "If (for any reason) the court determines that the movant with the largest losses cannot make a threshold showing of typicality or adequacy, then the court should explain its reasoning on the record . . . and disqualify that movant from serving as lead plaintiff." In re Cendant Corp. Litig., 264 F.3d 201, 266 (3d Cir. 2002). "The Court should then identify the movant with the next largest loss, consider whether that movant satisfies Rule 23's requirements, and repeat this process until a presumptive lead plaintiff is identified." Id.

and it appearing that "in inquiring whether the movant has preliminarily satisfied the typicality requirement, [courts] should consider whether the circumstances of the movant with the largest losses 'are markedly different or the legal theory upon which the claims [of that movant] are based differ[ ] from that upon which the claims of other class members will perforce be based,'" In re Cendant Corp. Litig., 264 F.3d at 265 (quoting Hassine v. Jeffes, 846 F.2d 169, 177 (3d Cir. 1988));

and it appearing that Saljanin makes a prima facie showing of typicality because, like all other proposed class members, he seeks recovery for losses incurred as a result of Defendants' misrepresentations and omissions that resulted in subsequent declines in the price of Immunomedics securities;

and it appearing that "[i]n assessing whether the movant satisfies Rule 23's adequacy requirement, courts should consider whether [the movant] 'has the ability and incentive to represent the claims of the class vigorously, [whether it] has obtained adequate counsel, and [whether] there is [a] conflict between [the movant's] claims and those asserted on behalf of the class,'" Id. (quoting Hassine, 846 F.2d at 179) ("[T]he question is whether the choices made by the movant with the largest losses are so deficient as to demonstrate that it will not fairly and adequately represent the interests of the class, thus disqualifying it from serving as lead plaintiff at all.");

and it appearing that Saljanin has both the ability and incentive to represent the claims of the class vigorously, as he retained Block & Leviton to represent the class—a firm recognized for its "experience in large securities class actions," ECF No. 11.1 (citing Thieffry v. Synchronoss Tech., Inc., No. 3:17-cv-07173-FLW-LHG (D.N.J.), ECF No. 21);

4

and it appearing that Saljanin is therefore entitled to the presumption of being the "most adequate plaintiff" under the PLSRA, and further, that no member of the purported class has rebut the presumption by demonstrating that he would "not fairly or adequately protect the interests of the class," see Roby v. Ocean Power Technologies, Inc., No. 14-3799, 2015 WL 1334320, at *7 (D.N.J. Mar. 17, 2015) ("[T]he PSLRA requires 'actual proof' to rebut the presumption of the most adequate plaintiff.");

and it appearing that the PSLRA "also provides that the lead plaintiff may be a 'group of plaintiffs' acting as co-lead plaintiffs," In re Lucent Technologies Inc. Sec. Litig., 221 F. Supp. 2d 472, 484 (D.N.J. 2001) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)) ("[C]ourts often appoint as co-lead plaintiffs a small number of class members who are most 'capable of effectively managing the litigation and the lawyers.'");

and it appearing that the Court finds it appropriate to appoint the Construction Industry and Laborers Joint Pension Trust (the "Pension Trust") as co-lead Plaintiff because Saljanin "will be able to benefit from the investment experience of [the Pension Trust], as an institutional investor," see In re Party City Sec. Litig., 189 F.R.D. 91, 114 (D.N.J. 1999) (appointing an individual and institutional investor as co-lead plaintiffs and noting that "the appointment of both institutional investors . . . and individual investors with large financial interests" satisfied "one of the goals of the PSLRA");

and it appearing that the Court also finds that the appointment of both Saljanin's and the Pension Trust's selected counsel is appropriate here because it does not appear that Saljanin and the Pension Trust "will experience difficulty in controlling the instant litigation if two law firms are appointed to serve as co-lead counsel," and further, each firm "appear[s] capable of managing the instant litigation," see In re Party City Sec. Litig., 189 F.R.D. at 116–17;

5

**IT IS** on this 9th day of September, 2019;

**ORDERED** that Docket Nos. 18-17645 and 19-5151 are consolidated, Boris Saljanin and the Construction Industry and Laborers Joint Pension Trust are appointed co-lead Plaintiffs, and Leviton and Block and Robbins Gellar are approved as co-lead counsel; and it is further

**ORDERED** that the following motions are **GRANTED**: Docket No. 18-17645, ECF Nos. 6 and 11; and it is further

**ORDERED** that the following motions are **GRANTED** in part and **DENED** in part: Docket No. 18-17645, ECF Nos. 7, 9, 10, and Docket No. 19-5151, ECF No. 5; and it is further

**ORDERED** that the following motions be terminated as withdrawn: Docket No. 18-17645, ECF Nos. 5 and 8, and Docket No. 19-5151, ECF No. 4.

*/s Madeline Cox Arleo*_____
**HON. MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**