# EXHIBIT 1

CARELLA, BYRNE, CECCHI, OLSTEIN,
  BRODY & AGNELLO, P.C.
JAMES E. CECCHI
LINDSEY H. TAYLOR
5 Becker Farm Road
Roseland, NJ 07068
Telephone: 973/994-1700
973/994-1744 (fax)
jcecchi@carellabyrne.com
ltaylor@carellabyrne.com

Co-Liaison Counsel

## UNITED STATES DISTRICT COURT

### DISTRICT OF NEW JERSEY

| | |
|---|---|
| AHMAD ODEH, Individually and on Behalf of All Others Similarly Situated, ) ) ) | No. 2:18-cv-17645-EP-ESK **(Consolidated)** |
| Plaintiff, ) ) ) | CLASS ACTION |
| vs. ) ) ) | |
| IMMUNOMEDICS, INC., et al., ) ) ) | |
| Defendants. ) ) | |

## DECLARATION OF MIKE THEIRL IN SUPPORT OF MOTION FOR FINAL APPROVAL

I, MIKE THEIRL, declare as follows:

1.      I am the Administrator for the Construction Industry and Laborers Joint Pension Trust ("CILJPT"). On behalf of CILJPT, I, along with my predecessor David P. Danley, oversaw the litigation activities of Lead Counsel Robbins Geller Rudman & Dowd LLP and Block & Leviton LLP ("Lead Counsel") in the above-captioned case (the "Litigation").

2.      I respectfully submit this declaration in support of Lead Plaintiffs' motion for final approval of the Settlement and Plan of Allocation and Lead Counsel's application for an award of attorneys' fees and expenses and an award to CILJPT pursuant to 15 U.S.C. §78u-4(a)(4) in connection with CILJPT's representation of the Class. I have personal knowledge of the statements herein, and, if called as a witness, could and would testify competently thereto.

3.      CILJPT understands that the Private Securities Litigation Reform Act of 1995 was intended to encourage institutional investors with investment losses to manage and direct securities fraud class actions. In seeking appointment as lead plaintiff, CILJPT understood its duty to serve the interests of Class Members by supervising the management and prosecution of the Litigation. Together with co-Lead Plaintiff Boris Saljanin, CILJPT vigorously prosecuted this Litigation on behalf of the Class for more than three years. Lead Plaintiffs agreed to settle the Litigation only

after balancing the risks of a trial and appeal, if we prevailed, against the immediate benefit of an $40,000,000 recovery.

4.    From the appointment of Lead Plaintiffs onward, CILJPT was kept fully informed regarding case developments and procedural matters over the course of the Litigation, including engagement with Robbins Geller concerning the litigation strategy in connection with motion to dismiss briefing, amending the operative complaint, discovery, class certification, and the potential resolution of the Litigation. As one of the two Lead Plaintiffs, CILJPT, among other things: (i) engaged in numerous meetings, phone conferences, and correspondence with Robbins Geller related to the litigation; (ii) reviewed pleadings and briefs; (iii) reviewed detailed correspondence concerning the status of the Litigation; (iv) identified and provided relevant documents and information during the discovery process; (v) prepared for and provided deposition testimony in connection with Lead Plaintiffs' motion for class certification; (vi) consulted with Robbins Geller regarding litigation and settlement strategy; and (vii) kept informed about the mediation and settlement negotiations and ultimately approved the proposed settlement.

5.    In particular, during the discovery process, I, along with Mr. Danley, the former Administrator of CILJPT who I replaced in 2021, spoke with Robbins Geller attorneys and worked with staff members at CILJPT to search for documents and information relevant to the Litigation.

6.      I also worked closely with Robbins Geller to prepare for and provide deposition testimony as the representative of CILJPT in connection with Lead Plaintiffs' motion for class certification. In that regard, I had several telephonic and video meetings with Robbins Geller attorneys in the spring of 2022 to prepare for my deposition as CILJPT representative, and subsequently sat for my deposition.

7.      Over the course of the Litigation, I and Mr. Danley met and spoke with Robbins Geller regularly to discuss the status of the Litigation and Lead Counsel's prosecution strategy, including the potential for a settlement of the Litigation. I reviewed materials submitted by the parties to the mediator, communicated with counsel at Robbins Geller during the second mediation session, and engaged in follow up conversations with Robbins Geller in order to maximize the outcome for Class Members.

8.      CILJPT has evaluated the significant risks and uncertainties of continuing this Litigation, including the possibility of a nominal recovery or even no recovery at all, and authorized counsel to settle this Litigation for $40,000,000. Mindful of the risks and uncertainties, as well as the potential for significant delays, CILJPT believes this Settlement is fair and reasonable, represents a very good recovery, and is in the best interests of Class Members.

9.      While CILJPT recognizes that any determination of attorneys' fees and expenses is left to the Court, the Fund believes that Lead Counsel's request for

attorneys' fees of 29.5% of the Settlement Amount and expenses not to exceed $650,000, plus interest on both amounts, is fair and reasonable, as this Settlement would not have been possible without Lead Counsel's diligent and aggressive prosecutorial efforts.

10.     Myself, Mr. Danley, and legal assistant Ebony Davis collectively expended at least 49.75 hours on the prosecution of this Litigation, which would otherwise have been focused on daily business activities of CILJPT. This estimate is based on records maintained on behalf of CILJPT, as well as Robbins Geller's records of communications with me and Mr. Danley. Based on the amount of time expended in representing the interests of Class Members in connection with this Litigation, at an average hourly rate of $250.00, CILJPT believes that an award of $12,437.50 is reasonable and appropriate.

11.     CILJPT respectfully requests that the Court grant final approval of the Settlement, approve Lead Counsel's motion for an award of attorneys' fees and expenses, and award CILJPT $12,437.50 for its time expended in representing the Class in this Litigation.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 25th day of April, 2023, at Bloomington, Minneapolis.

MIKE THEIRL